CASE 31—AGREED CASE—MARCH 27.

# Superintendent of Public Instruction v. Auditor of Public Accounts.

APPEAL FROM FRANKLIN CIRCUIT COURT.

THE CONSTITUTION DOES NOT LIMIT THE USE OF THE COMMON SCHOOL FUND TO THE PAYMENT OF TEACHERS of the common schools, and the legislature has the power to provide, as it has done in section 4371, Kentucky Statutes, that the expenses of the department of education of whatever character or kind shall be paid out of that fund.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR COMMONWEALTH.

No part of the common school fund can be used to pay any debt, obligation or demand of any kind whatsoever, except the salary of a qualified teacher of a common school, actually kept as required by law. (Present Constitution of Ky., sec. 184; Constitution of 1850, art. 11, sec. 1; Collins v. Henderson, .11 Bush, 74; Common School Laws, sec. 2; *Idem*, sec. 11.)

T. M. GOODKNIGHT FOR APPELLANT.

1. No part of the school fund can be properly appropriated by the legislature to the payment of any expenses connected with common schools, except the salary of a teacher. (Collins v. Henderson, 11 Bush, 75; Constitution of 1850, art. 11, sec. 1; Constitution of 1891, secs. 184, 186; Debates of Const. Conv. of 1891, vol. 3, pp. 4574 to 4584; *Idem*, vol. 4, pp. 4585 to 4607.)

2. Whatever may be the opinion of the court as to the limitations of the present Constitution on the power of the legislature, there is a more serious difficulty than the constitutional limitations, and, that is the limitations of the legislature as to the use of the school fund. Evidently the legislature intended that no part of the school fund should be used for paying any charges, except what goes to teachers and to salaries of·superintendent of public instruction and his three clerks. (Common School Laws of 1891-2-3, secs. 8, 9, 10, 12, 14, 45, 23, 27, 28, 30, 31 and 33.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The question arises in this case from a difference of opinion between the Auditor of Public Accounts and the Super-

intendent of Public Instruction as to the proper interpretation of section 184, of the constitution, which reads as follows: "The bond of the Commonwealth issued in favor of the board of education for the sum of one million, three hundred and twenty-seven thousand dollars, shall constitute one bond of the Commonwealth in favor of the board of education, and this bond and seventy-three thousand, five hundred dollars of the stock in the Bank of Kentucky, held by the board of education, and its proceeds, shall be held inviolate for the purpose of sustaining the system of common schools. The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools and to no other purpose.

"No sum shall be raised or collected for education other than common schools until the question of taxation is submitted to the legal voters and the majority of the votes cast at said election shall be in favor of such taxation: Provided, The tax now unpaid for educational purposes, and for the endowment and maintenance of the Agricultural and Mechanical College, shall remain until changed by law."

It is insisted by the Superintendent of Public Instruction that the fund arising from the sources therein named, for the purposes of common school education, can only be paid to the teachers of the common schools and for no other purpose.

On the other hand, it is contended by the Auditor of Public Accounts, that the expenses of the State department of education, of whatever character or kind, shall be paid out of the resources of the common school fund.

By section 4371, Kentucky Statutes (Common School Law), it is provided in effect that "the expenses of the de-

partment of education, of whatever character or kind," should be paid out of that fund.

By section 4385 it is provided that the salaries of the Superintendent of Public Instruction and his clerks "are to be paid monthly out of the common school fund." The superintendent is required to make a biennial report, to prepare suitable blanks for reports, registers, certificates, notices, etc., which are required to aid the officers and persons interested with the execution of the provisions of the school law.

He is required to biennially edit the school laws and annually to have them, together with abstracts of certain decisions, etc., published for distribution, all of which is done in aid of and for the benefit of the common schools.

It would be impossible to have a wise and effective system of common schools without a department of education to give general direction and superintendence to them. There seems to be no duty with which the department is charged which is not essential to the management of the system.

The Superintendent of Public Instruction has charge of the pro rating and distribution of the common school fund. He, together with assistants selected by him, prepares the series of questions for the examination of teachers, thus testing their qualifications for the position of teacher in a common school.

It seems to us, without this executive head, the entire system would be in the greatest confusion and would fall far short of the expectations of the friends of popular education.

· While we recognize as correct the definition of a common school as given in Collins v. Henderson, 11 Bush, 74, which is a school actually taught by a teacher, qualified according to law, to teach in a district laid out by authority

of the school laws and under the control of trustees elected under those laws, yet we can not concur in the view that the constitution allows the common school fund to be paid only to the teachers of such schools.

If such a limitation had been intended to be placed on the expenditure of the fund it would have been so written in the constitution. It would have been quite easy to have done so.

If any fear exists that the legislature might at some time not act wisely in passing laws relating to the expenditure of the common school fund, that could not justify this court in giving the narrow interpretation to the constitution contended for by the Superintendent of Public Instruction. While the Attorney-General in a very able and elaborate review of the question sustains the position taken by the Superintendent of Public Instruction, believing as we do that the support of the department of education is essential to make the success of the common schools complete, thus making effective and beneficial the labors of the teachers, we are unable to conclude that the meaning of the constitution is that the fund be appropriated so as to give all of it to the teachers of the common schools.

Did we entertain a doubt as to the proper interpretation of the section of the constitution in question we would resolve it in favor of that given it by the legislature—that branch of the State government charged with responsibility of the proper appropriation of the common school fund.

The court did not hold in Collins v. Henderson *supra*, that the common school fund could only be appropriated to pay the teachers of the common schools. We must presume that the constitutional convention knew the extent to which this court had gone in its interpretation of the provision of

the former constitution relating to the common school fund, and if it had intended to restrict the use thereof to the sole purpose of paying teachers it would have so declared in terms. We are of the opinion that the legislature had constitutional authority to charge the common school fund with the payment of "the expenses of the State department of education of whatsoever character or kind," in aid of common schools.

Judgment affirmed.