CASE 51—ACTION BY BOARD OF TRUSTEES OF GRADED COMMON SCHOOL DISTRICT NO. 24 WEBSTER COUNTY, AND OTHERS, AGAINST J. G. CRABBE, STATE SUPERINTENDENT, AND OTHERS, FEBRUARY 24.

## Crabbe, &c., v. Board of Trustees of Graded School Dist. No. 24, Webster Co., and others

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

From the judgment defendant appeal—Affirmed.

1.  Schools and School Districts—School Taxes—Right of District —Constitution section 186, entitles each county to its proportion of the school fund on its census of pupils for each year, and provides that, if the pro rata share of any school district is not called for after the second school year, it shall be covered into the state treasury, and placed to the credit of the school fund for general apportionment the following year. St. 1909, section 4375, which relates to common school districts, provides that, when any school district in any school year fails to use any part of the money due it for that year, it shall be entitled to the money for the next school year, provided the term for that year is extended for such part of a term as the accumulated money bears to the amount due it that year. Section 4376 provides for the monthly distribution of such funds from October to September, and section 4480, relating to graded common schools, requires the county superintendent to pay annually to the treasury of any graded common school district the pro rata proportion of the state and county funds due the district as soon as it comes into his hands, or permits him to pay the full amount due in January if the trustees so desire. Petitioner graded common school district was building a schoolhouse in the

Crabbe &c. v. Board of Trustes &c.

school year of 1906-07, and, (being unable to secure another building, no school was taught that year, or the first half of the succeeding year in the district, but school was opened in January, 1908, and conducted the rest of that year, when the school tax for the year 1906-07 was demanded and payment refused; the funds being returned to the state treasury. **Held,** that section 186 only authorized funds to be covered back to the treasury which were not demanded during the second school year, and funds due a district should be paid any time during the second year on demand, so that petitioner was entitled to its proportion of the school tax for 1906-07 when it demanded it in 1908.

2.  Schools and School  Districts—School  Funds—Use—School taxes received from the state by a graded common school district cannot be used to purchase a lot or erect or furnish a school building, but must be used solely for educational purposes.

JAS. BREATHITT, Attorney General and TOM B. McGREGOR Assistant Attorney General for appellants.

## CONCLUSION.

We represent to the Court that any question that affects the common school fund of Kentucky is to be seriously taken and considered. The question in this case is an important one, and if appellee's contentions are to be taken, the policy of well guarding the State School Fund of Kentucky will be severely shattered. The language of the Constitution and the Statute is unmistakably clear, as we see it. We do not believe that this Court will undertake to give any construction that might be contrary to the spirit and letter of the law as it is written. We think that this Court should ever be watchful to protect and defend, and, as is required by Section 184 of the Constitution, to hold inviolate, for the purposes of sustaining the system of common schools, this fund. We think the Court below seriously erred to the prejudice of the Commonwealth, in sustaining appellee's demurrer to appellant's answer.

Wherefore, we seriously insist that this case be reversed, and that the Constitution and the Statutes be upheld in their spirit, as well as letter.

### AUTHORITIES.

Constitution Section 186; Ky. Statute Sections 4375, 1903 and 1909, and Ky. Statutes Sections 459, 460 and 465; Ky. Statutes Section 4480. Acts 1904—Ch. 37.

H. V. McCHESNEY Attorney for appellees.

### AUTHORITIES CITED.

Sections of the Constitution and Statutes, and citation of authorities relied upon.

1. Constitution.    Sections 183, 184, 186.

2. Kentucky Statutes, Sections 465, 4371, 4372, 4376, 4480, 2969, 2970, 2954, 2961, 3219, 3227, 3469, 3474, 3595, 3600, and Act of March 19, 1908, page 208 Acts 1908.

3. On contention that district was entitled to fund in question because it was a graded common school district—Superintendent of Public Instruction vs. Auditor of Public Accounts, 17 Ky. Law Rep. 46.

4. On right of district to have received money under provisions of Act of March 19, 1908. Cooley on Constitutional Limitations, (5th edition) pages 440 and 466; 19 L. R. A. 247 (Bass vs. Roanoke Navigation, Water Power Co.); Covington & Lexington R. R. Co. vs. Kenton Co. Court, 51 Ky. 144; Speckert vs. City of Louisville, 78 Ky. 287.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This action was instituted by the appellee in the Franklin circuit court for the purpose of securing a writ of mandamus against the Auditor of Public Accounts and the superintendent of public instruction, requiring them to turn over to appellee the sum of $1,389.96 due district No 24 as its portion of the state school tax for the school year between July, 1906, and June, 1907. There is no dispute about the facts of the case; the difference between the parties litigant being merely a difference in construction of section 186 of the Constitution and certain sections of the

school law to be hereafter more particularly noticed. The petition states—and it is not denied—that district No. 24 is a graded common school disrict of Webster county; that there was due it for the school year above named the sum mentioned; that, owing to the fact that the trustees of the district could not obtain a house in which the public school could be conducted for the school year above named, no school was taught in the district for that year; that the trustees in the meantime were causing a suitable schoolhouse to be built in the district; that the schoolhouse was not finished in time to teach the public school during the first half of the succeeding year, but the school was opened in January of 1908, and conducted until the last of June of that year, that upon the order of the appellant, the superintendent of public instruction for the state, the superintendent of public schools for Webster county returned back to the commonwealth the sum of $1,389.96 involved in this litigation, and the appellants refused afterwards, on demand, to pay over the amount to the treasurer of district No. 24.

Section 186 of the Constitution, in so far as pertinent to the issue before us, is as follows: "Each county in the commonwealth shall be entitled to its census of public children for each year; and if the pro rata share of any school district be not called for after the second school year, it shall be covered into the treasury and be placed to the credit of the school fund for general apportionment the following year." Section 4375 of the Kentucky Statutes provides, among other things, as follows: "When any school district in any school year shall have failed to use all or any part of the money due it for such school

year, such district shall be entitled to said money for the next school year, provided the term of the common school for that year shall be extended for such proportion of a term as the said accumulated money bears to the said amount due said district in the year in which said money is paid.'' Section 4480 provides as follows in regard to graded common schools: ''The county superintendent of common schools shall, annually, pay to the treasury of any graded common school district that may be organized and operating in his county, in conformity with this article, the prorata portion of the state and county funds due the said district, according to the number of pupil children therein, as soon as the same shall come into his hands; or, if desired by the trustees, he may pay in January the full amount due said district.'' The petition alleges that during the school year ending June 30, 1908, the board of trustees of school district No. 24 made demand upon the county superintendent of schools for Webster county for the amount due the district as above set forth; but, upon the order of the superintendent of public instruction for the state, she declined to pay, and returned the amount back to the state treasury. Section 4375 relates to common school districts, whereas section 4480 relates to graded common schools. Under the provisions of section 4480, it was the duty of the county superintendent to pay over to the treasurer of the district its pro rata of school money as soon as it came into her hands; or, if desired by the trustees, it could have been paid in January of the term in which it fell due. Clearly, under the provisions of section 4480, the county superintendent had no right to hold the money belonging to the district against the will of the trustees; nor

did she have the legal right to return it back into the state treasury.

But the appellants insist that, under section 186 of the Constitution, the state superintendent had a right to order the money back into the treasury under the circumstances as detailed in this opinion. To this we cannot agree. Section 186 only authorizes school tax money which is not called for during the second school year to be covered back into the treasury. Now, manifestly, the fund involved in this litigation does not fall either within the letter or the spirit of the language of section 186 of the Constitution. The framers of that instrument intended, if by any accident or misfortune the pro rata of the school tax due any district could not be utilized for educational purposes for a given year, that it should, upon demand, be turned over to the district at any time during the second year; and it was only after the expiration of the second year that it is required to be covered back into the state treasury for redistribution as a part of the general school fund. As said before, the petition alleges—and it is not denied in the answer—that during the second school year teaching the public school was commenced in the district and the payment of the money involved herein was demanded, and refused. It is no answer to this to allege, as appellants do in their answer, that the money was not used during the second school year. Of course, it was not used because it was in the public treasury, and its payment to the district was refused upon demand. Now, if the whole of the second school year had passed without any school being taught in the district and without demand for the money which was due for the first school year, then the position of the ap-

pellants would be sound, because the circumstances would fall directly within the language of section 186 of the Constitution. Then the second school year would have expired without the money being called for or used for educational purposes, and the commonwealth could have required that it should be covered back into the treasury for redistribution. We do not think that a narrow or technical construction should be placed upon section 186; and certainly we would not be justified in doing violence to its language in order to keep from the appellees the school money which would otherwise be due them.

The appellees were busily engaged in building a suitable schoolhouse, and there is no suggestion of negligence or bad faith on their part in the prosecution of this work. Pending the erection of the new building they were unable to secure, by lease or otherwise, a suitable building in which to conduct the district school. Now, it is to meet just such a case as this that the Constitution authorizes the payment of any year's school fund if called for during the second year. Of course, there had to come a time, if the school fund was not used for educational purposes at all, when it was necessary to require it to be paid back into the state treasury. The Constitutional convention fixed this period at two years. The money which was due in any one year, but not used during that year, could be added to the fund of the second year for the purpose of increasing the school facilities of the district. This was a most fair and wise arrangement, both to the district and to the state. No good would accrue to the commonwealth to put a strained construction upon the language of section 186 in order to deprive the district of the fund which

was due it for the school year 1906-07, but not used or called for during that year. The fact that it was called for in the second year brings the appellees' case both within the equity and the language of section 186, and we think the learned trial court correctly sustained a demurrer to the answer of appellants. It was not the policy of the framers of the Constitution to defeat the demands of the children of the commonwealth for education. On the contrary, as we understand it, these wise and broad-minded men, while they intended to hedge about the school fund so that it could neither be wasted on the one hand nor hoarded on the other, also intended that every dollar collected from the people for the purpose of education should be redistributed back to them for educational purposes in proportion to their needs. We do not know where we have found this idea better expressed than in the brief of the Assistant Attorney General, where he says: "In a measure, the public school fund of Kentucky is a sacred fund. It was created by the demands of liberty and progress, guaranteed by the Constitution, protected by law, paid by the taxpayers, and held inviolate by the officers of the commonwealth for the sole purpose of educating the boys and girls of this state. It is our standing security for tomorrow. It is dedicated to Kentucky's future welfare; to make for her a better class of citizens, better laws, better officers, and a better state. It vouchsafes to us happiness and peace at home—honor and prestige abroad. It is the preserving element of Kentucky's record of past achievements, and of her cherished institutions of the present. It is the great bulwark against which the forces of ignorance, superstition, and crime surge in defeat." The phil-

osophy of this language is as wise as the rhetoric is beautiful, and seems to us to strengthen the basis for upholding the judgment of the circuit court in securing to the school children of district No. 24 of Webster county that which is their due. It will be noticed that there is a radical difference between the manner the school fund is paid over to the common school district under the provisions of section 4376 and that by which it is paid to the graded school district under the provisions of section 4480. It was evidently the intention of the Legislature to encourage the establishment of graded schools where the citizens tax themselves for educational purposes, and do not rely alone upon the state fund. But section 186 governs both funds, and, if the tax of any one year is not used during the second school year, it must be covered back into the state treasury. Each district, however, has all of the second year in which to make use of the fund not applied in the first year.

In conclusion, we deem it appropriate to say that the taxes received from the state by a district may not be used either for the purpose of purchasing a lot, the erection of a school building, or for furnishing it, but must be used solely for educational purposes, as indicated in Collins v. Henderson, etc., 11 Bush, 74, and Superintendent v. Auditor, 97 Ky. 180, 30 S. W. 404.

For these reasons, the judgment of the circuit court awarding the mandamus is affirmed.