LITTLE RIVER COUNTY BOARD OF EDUCATION *v.* ASHDOWN SPECIAL SCHOOL DISTRICT.

Opinion delivered January 22, 1923.

1. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTES.—A statute will be sustained if there be any reasonable doubt of its unconstitutionality.

2. SCHOOLS AND SCHOOL DISTRICTS—COUNTY SUPERINTENDENTS.—The act of 1919, providing for county boards and making it their duty to elect a county superintendent of schools (Crawford & Moses' Dig., § 8873 *et seq.*), is a valid exercise of legislative power.

3. SCHOOLS AND SCHOOL DISTRICTS—COUNTY SUPERINTENDENT NOT A STATE OFFICER.—The act of 1919 (Crawford & Moses' Dig., § 8873 *et seq.*) providing for the election of county superintendents of schools by county boards of election *held* not a violation of art. 19, § 9, Const., prohibiting the creation of permanent State officers; county superintendents being either county officers or county employees.

4. SCHOOLS AND SCHOOL DISTRICTS—DIVERSION OF SCHOOL FUNDS.—The act of 1919 (Crawford & Moses' Dig., § 8873 *et seq.*) providing for the payment of county superintendents of schools and county boards of education from the common school fund, is not violative of Const., art. 14, §§ 1-4, relative to the creation and maintenance of common schools, as constituting a diversion of the school funds to other than school uses.

5. SCHOOLS AND SCHOOL DISTRICTS—DIVERSION OF SCHOOL FUNDS.—The act of 1919 (Crawford & Moses' Dig., § 8873 *et seq.*), providing for the payment of the salaries of county superintend-

ents of schools from the common-school fund, is not unconstitutional because part of their salaries is paid out of school funds which would otherwise go to the public schools in cities and incorporated towns having superintendents and which are expressly exempted from the supervision of county superintendents; the county superintendents having general supervision in such cities and towns by establishing uniform grades and by other ways tending to promote the public school system.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; reversed.

STATEMENT OF FACTS.

The purpose of this action is to test the validity of the act passed by the Legislature of 1919 creating a county board of education and providing for a county superintendent of schools.

The suit was brought in equity by appellee against appellants, and the prayer of the complaint is that the act be declared unconstitutional, and that appellants be restrained from appropriating any of the school funds of appellee towards the payment of the salary of the county superintendent, or the expenses of the county board of education.

It appears from the record that Ashdown is a city of the second class in Little River County, Ark., and that Ashdown Special School District is a single school district created under the statutes of the State. Several districts outside of the corporate limits of the city of Ashdown have been annexed to said district. The district has both white and colored schools. Several of the colored schools are outside of the corporate limits, and one of them is fifteen miles from the city. The district employs a superintendent of schools at a salary of $200 per month, and his duty is to look after the schools of the district. He assigns the teachers to their positions and looks after the school work of the district generally.

The colored schools are carried on for about three months in the year in Ashdown, and the superintendent does not look after these schools. He does not go to any

of the schools outside of Ashdown. These colored schools are supervised by the county superintendent.

The white schools of Ashdown are run nine months during the year. The superintendent of the district is regarded as the executive officer of the school board, and has the management of the pupils and school teachers, under the direction of the board. The county superintendent has never undertaken to exercise any authority over the high schools of Ashdown Special School District, except as to reports. He also indorses the school warrants.

According to the testimony of the county superintendent, the superintendent of the Ashdown Special School District makes the course of study and has general jurisdiction over the entire system of the schools of the Ashdown Special District. The county superintendent has general supervision of all the schools in the county, and provides a uniform system of preparing questions and grading papers for all the schools in the county. The State Superintendent furnishes certificates of promotion from the grade schools to the high schools, and the county superintendent in his own way supervises these promotions.

The chancellor found that the city of Ashdown was a city of the second class, and that the schools within the incorporate limits fall within the exception to the statute creating the office of county board of education and county superintendent.

The chancellor further found that the county superintendent and county board of education had no right of supervision over the schools within the incorporated city of Ashdown, and that the schools within such corporate limits should not be charged with any expenses of the county superintendent or county board of education.

A decree was entered in accordance with the findings of the chancellor. The county board of education of Little River County, Ark., was specifically enjoined from making any deduction from any funds apportioned to the

city of Ashdown, and such board was required to apportion all such funds to the schools within the incorporated city of Ashdown, free of all expenses incident to the office of county superintendent or of the county board of education.

To reverse that decree this appeal has been prosecuted by the members of the county board of education and the county superintendent.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants; *George R. Steele* and *Seth C. Reynolds,* for appellant.

Act 234 of Acts of 1919 is not violative of Const. art. 19, § 9, in that it creates a permanent State office. This is a legislative and not a judicial question. 114 Ark. 217; 40 Ark. 100; 125 Ark. 350.

The act does not violate sec. 28, art. 7 of the Constitution by depriving the county court of its exclusive original jurisdiction in all matters relating to county taxes. School funds are not county taxes as the term is used in the above section. The Legislature certainly has the power to distribute the 3-mill State levy as it sees fit, so long as the money is used for school purposes, and there is no allegation that the sum reserved out of appellant's funds exceeded the apportionment of this fund to appellant. See 76 Ark. 23; 103 Ark. 529. Any doubt about the constitutionality of a statute must be resolved in favor of its validity, if it is reasonably susceptible of such a construction. 138 Ark. 549; 139 Ark. 153; *Id.* 595; 215 S. W. 709. The act is not in violation of sec. 11, art. 16, Const., since the school affairs of this State are governed entirely by art. 14, Const. 120 Ark. 85.

The Constitution, art. 14, sec. 4, vests in the Legislature the supervision of public schools, and it may provide for proper officers for such purpose. The Legislature was but exercising this function in creating the office of county superintendent and the county board. A grant of power carries with it, by implication, authority to do whatever is reasonably necessary to make that

power effective. Cooley, Const. Lim., 7th ed., p. 98. In construing a constitutional provision, the test is not whether certain power is given, but whether, in express terms or necessary implication, it is forbidden. 60 Ark. 343; 99 Ark. 100; 112 Ark. 342. The act is not violative of sec. 3, art. 14, Const. The local tax levy goes to the respective districts from which collected; the funds from which the board is supported come from the State tax, hence there can be no question of nonuniformity.

While not directly on the point at issue, the following cases are illuminating: *Mitchell* v. *School Dist.,* 153 Ark. 50, and *Acree* v. *Patterson,* 153 Ark. 188.

*Steel, Johnson & Shaver,* for appellee.

The trial court held the act constitutional and thereby sustained the demurrer to all paragraphs in the complaint except number 10, and granted relief to appellee under this paragraph. No appeal was taken by appellee, and therefore all question as to the constitutionality of the act passes out of the case. Appellee falls within the exception noted in paragraph 10, and relief was properly granted it under that section.

HART, J. (after stating the facts). The general rule is that a statute will always be sustained by the courts if there be any reasonable doubt of its unconstitutionality. The Legislature of 1919 passed an act providing for county boards of education and making it their duty to elect a county superintendent of schools. Crawford & Moses' Dig., §§ 8873 *et seq.* We are of the opinion that the constitutionality of the statute is settled by the principles decided in *Mitchell* v. *Directors School District No. 15,* 153 Ark. 50, and *Acree* v. *Patterson,* 153 Ark. 188.

In the first-mentioned case the court held that the act of the Legislature creating county boards of education and conferring on them power to form new school districts or alter the boundary lines of existing ones, thus substituting the county board of education for the county court, was a valid and constitutional act, and did not violate the provisions of art. 7, § 28, of the Constitution,

which provides, among other things, that county courts shall have exclusive original jurisdiction over the local concerns of their respective counties. In that case it was said that our earlier decisions on the subject show that the court did not consider the jurisdiction to form school districts or to change the boundaries was conferred upon county courts under the provisions of the Constitution referred to, but that it had always been considered a purely statutory power.

This holding was reaffirmed in *Acree v. Patterson, supra,* where the power of the county board of education to create a new school district was upheld. If the Legislature could create a county board of education, with power to create school districts, change the boundaries thereof, and to have general direction and supervision of the public schools of the county, there would seem to be no good reason why it could not provide for the election of a county superintendent by the county board of education, if it saw fit to do so.

The additional argument in the present case is made that the act violates § 9 of art. 19 of the Constitution, which provides that the General Assembly shall have no power to create a permanent State office not expressly provided for by the Constitution. It clearly appears from the language of the act that he is either a county officer or an employee of the county. The county superintendent is elected by the county board of education and is subject to removal by the said board. His general duties are to execute the orders of the county board of education and perform such other duties as may be prescribed by law. Thus it will be seen that he is not a State officer within the meaning of the provisions of the Constitution just referred to, and it is not necessary to decide whether he is a county officer or merely an agent employed by the county to superintend the common schools.

Again, it is insisted that the act in question is in violation of the provision of our Constitution relative to

the creation and maintenance of common schools. See art. 14 of the Constitution of 1874.

Sec. 1 provides that the State shall maintain free schools for all persons between the ages of six and twenty-one years.

Sec. 2 provides that no money or property belonging to the public school fund or to this State for the benefit of schools and universities shall ever be used for any other than for the respective purposes to which it belongs.

Sec. 3 provides for the levy of taxes to support the common schools of the State.

Sec. 4 provides that the supervision of public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly.

In the construction of the act as a whole this court has held that the Legislature may designate the agencies through which the common school fund may be distributed and ascertain the basis on which such distribution may be made. It has held, however, that no specific appropriation by the Legislature is necessary for each year, because, the Constitution having set aside the school fund for school purposes only, there is what is usually termed a constitutional appropriation. *Dickinson* v. *Edmondson,* 120 Ark. 80. In that case the court further held that the Constitution, having provided for the establishment of free schools for the education of persons between certain prescribed ages, the common school fund could not be expended for the instruction of persons without those ages.

The court further held that, while there was no express provision in the Constitution for uniformity, the distribution of the common school fund must be uniform, and that therefore the school board could not be authorized by the Legislature to select particular high schools to be aided by the common school fund.

There is nothing in the act under consideration which violates the article of the Constitution providing

for the establishment and maintenance of common schools, nor is there anything which conflicts with the principles of law laid down in *Dickinson* v. *Edmondson,* 120 Ark. 80. The Constitution does prohibit the Legislature from applying the common school fund to, any other branch of State expenditures except that immediately and directly connected with the establishment and maintenance of a common school system.

The Legislature deemed it expedient to create county boards of education and to provide for county superintendents for public schools. It also provided for the payment of these officers out of the common school fund. This did not constitute a diversion of the school fund to other than school uses. The Constitution provides that the supervision of such schools and the execution of the laws regulating the same shall be vested in such officers as may be provided for by the Legislature.

The offices in question were created by the Legislature solely for the benefit of the common schools. The county superintendent is the chief officer of the schools in the county, and the statute makes it his duty to execute the orders of the county board and to perform such other duties as may be prescribed by law. Thus it will be seen that his official duties are directly connected with the supervision and regulation of the common schools, and the expenditure for his salary is directly and immediately connected with the common school system.

The Court of Appeals of Kentucky has held that a constitutional provision prohibiting the Legislature from appropriating school funds for any purpose than in aid of the public schools does not prohibit an appropriation from the school funds to meet the expenses of the department of education. *Superintendent of Public Instruction* v. *Auditor of Public Accounts* (Ky.), 30 S. W. 404.

The Supreme Court of Nevada has held that, the Superintendent of Public Instruction being immediately connected with the public schools, an act appropriating money from the general school fund for the payment of

his salary is not contrary to a provision of the Constitution prohibiting the appropriation of the school fund for other than school purposes. *State* v. *Westerfield* (Nev.) 49 Pac. 554.

The chancellor was of the opinion that schools in incorporated cities and towns were exempted from the provisions of the act.

Sec. 8873 of Crawford & Moses' Digest, which provides for the county board of education, reads as follows: "From and after the third Saturday in May, 1920, the public schools of each of the several counties of the State, except those schools in incorporated cities and towns that have superintendents devoting their time to school supervision, shall be under the general direction and supervision of a county board of education, consisting of five members. The county board of education of each county shall be elected by the qualified electors of each county at the annual school election. All members of the county board of education of any county shall be persons of good moral character, with at least a fair elementary education, of good standing in their respective communities, and known for their honesty, business ability, public spirit, and interest in the good of public education."

The language of the statute is plain, and there is an express declaration by the Legislature excepting schools in cities and incorporated towns from the supervision of the county board of education. It does not follow, however, that the act is void because a part of the salary of the county superintendent is paid for out of the school funds which would go to the common schools in cities and incorporated towns. While the school fund cannot be diverted from the use for school purposes, as provided in the Constitution, the manner of the use is subject to legislative regulation, and the Legislature may direct and control the use. If the original beneficiary enjoys it anyway, there is neither diversion nor confiscation which the Constitution prohibits. *Pearson* v. *State*, 56 Ark. 148.

In that case the court upheld an act of the Legislature releasing the county treasurer from liability for school funds stolen by burglars without fault on his part. The court said that if the Legislature uses the funds or property as the beneficiary ought to have done, the law deems it as devoted to the use of the beneficiary; and this, though the particular application be made to satisfy a demand not enforceable in law or equity, but sanctioned only by established principles of right and fair-dealing.

Under the act in question, while the county superintendent does not have the particular direction and supervision of schools in cities and incorporated towns, he does in a sense have general supervision over them by establishing uniform grades, and in various other ways which tend to promote the common school system.

Therefore we are of the opinion that the chancery court erred in enjoining the county board of education from applying the proportion of the school taxes of appellees towards the payment of the salary of the county superintendent.

For that error the decree must be reversed and the cause remanded, with directions to the chancery court to enter a decree in accordance with this opinion.