The Honorable Dean Elliott State Representative 136 Apple Blossom Loop Maumelle, AR 72113-6031
Dear Representative Elliott:
I am writing in response to your request for an opinion regarding a proposed amendment to a Pulaski County ordinance (Ordinance 89-OR-52) involving the hiring procedure for the position of County Attorney. Although I have not been provided with a copy of Ordinance 89-OR-52, it is my understanding that this ordinance created the office of County Attorney as a full-time position, and provided in relevant part that the County Judge would appoint the County Attorney after consulting the Quorum Court and county elected officials. It also provided that the County Attorney's staff would be hired in the same manner as other employees under the direction of the County Judge. Letter from John R. Pagan to F.G. "Buddy" Villines (August 10, 2001).
You have provided a copy of a proposed ordinance (Item Number 01-1-133A) that would amend Article 6 of Ordinance 89-OR-52 to provide as follows:
 The County Attorney shall be appointed by the County Judge after consulting with the Quorum Court and other elected officials. The appointment is subject to confirmation by a majority vote of the Quorum Court members. All members of the county attorney's staff will be hired by the County Attorney.
You have requested an opinion on the constitutionality of this particular ordinance.
RESPONSE
It is my opinion that the provision for the hiring of staff members by the County Attorney is clearly unconstitutional. Although the question is somewhat closer with regard to the Quorum Court's confirmation of the County Attorney's appointment, it is my opinion that the proposed ordinance is likely unconstitutional in this respect as well under Amendment 55 to the Arkansas Constitution.
Some background information is necessary in order to fully understand the issue that arises with respect to this County Attorney position. As noted above, it is my understanding that Pulaski County has previously established the office of full-time civil attorney under Ordinance 89-OR-52. I assume that this ordinance was enacted pursuant to A.C.A. §16-21-114 (Repl. 1999), which provides in relevant part as follows:
 (a) A county civil attorney or county attorney may be selected pursuant to ordinance of the quorum court for each county in the state.
 (b) The county attorney shall commence and prosecute or defend all civil actions in which his county is concerned.
 (c) The county attorney shall give his opinion, without fee or reward, to any township or county official on any question of civil law concerning the county which is pending before the official.
 (d) All civil duties provided by the laws of the State of Arkansas or the ordinances of the several counties to be performed by the prosecuting attorney shall be performed by the county attorney in those counties which have established the office of civil attorney.
 (e) The office of county attorney shall be funded pursuant to ordinance of the quorum court of the county.
Other than providing that a county attorney "may be selected pursuant to ordinance of the quorum court[,]" this Code section is silent regarding the precise method of hiring or appointing this individual. While it might be contended that the statute vests the quorum court with discretion to determine the selection method, Amendment 55 to the Arkansas Constitution must be considered. Amendment 55 provides in relevant part that the County Judge shall "hire county employees, except those persons employed by other elected officials of the county." Ark. Const. Amend. 55, § 3. See also A.C.A. § 14-14-1101 (a) (6) (Repl. 1998) (part of the enabling legislation for Amendment 55, listing the executive powers of the county judge). The Quorum Court has the power to "fix the number and compensation of deputies and county employees." Id. at § 4. But clearly, the County Judge is vested exclusively with the duty and responsibility for hiring county employees. This forms the basis for my conclusion that it would be unconstitutional for the County Attorney to hire members of the staff. It seems clear that these persons are county employees and as such they may only be hired by the County Judge in accordance with Amendment 55, § 3.
The question whether this exclusive hiring authority extends to the position of county civil attorney when a county establishes the office of civil attorney as a full-time position pursuant to A.C.A. § 16-21-114 may be less clear and requires further discussion.
Although § 16-21-114 refers in varying terminology to the "office" of county attorney,[1] it is unclear, in my opinion, whether the position of county civil attorney has been effectively removed from the County Judge's constitutional hiring authority. The phrase "selected pursuant to ordinance of the quorum court" is ambiguous, in my view. Had the legislature intended to create this as a county office, subject to appointment or confirmation by the Quorum Court, it could easily have so provided. Indeed, the legislature has so provided in the case of county administrative boards. In accordance with A.C.A. § 14-14-705 (Repl. 1998), a county quorum court may establish administrative boards whose members are appointed by the county judge and "confirmed by the quorum court." A.C.A. § 14-14-705 (2) (D). The board members serve set terms; they serve until their successors are appointed and qualified; and they subscribe to an oath of office. Id. at subsections 2 (E) and (F) and (3) (C). It seems clear that these administrative board members are county officers and that they fall outside the county judge's hiring authority, which extends to county employees.
I believe it is generally within the power of the General Assembly to establish county offices such as these county administrative board positions and provide for Quorum Court confirmation of appointments, as long as in doing so the legislature does not invade the constitutional jurisdiction of any other officer. Cf. Marshall v. Holland,168 Ark. 449, 270 S.W. 609 (1925) (upholding statute creating the office of county auditor). Similarly, I believe the General Assembly could create the office of county civil attorney and provide for Quorum Court appointment or confirmation. I find nothing in our constitution that would necessarily proscribe such legislation.[2] The problem in this instance is that the legislation in question, A.C.A. § 16-21-114, is less than clear in providing that the county attorney shall hold a civil office that falls outside the County Judge's exclusive authority to hire county employees. I must therefore conclude that Section 3 of Amendment 55 will, in effect, prevent the Quorum Court from establishing a method of selecting the county attorney that interferes with the County Judge's hiring authority. The proposed amendment to the Pulaski County ordinance would make the County Judge's appointment subject to Quorum Court confirmation. This, in my view, necessarily interferes with the County Judge's exclusive hiring authority.
In conclusion, therefore, it is my opinion that the proposed ordinance is likely unconstitutional.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] See subsection (d) (county attorney to perform civil duties of prosecuting attorney in counties which have established "the office of civil attorney") and subsection (e) (regarding funding of the "office of county attorney[,]" supra; and subsection (f) (1) (requiring reimbursement by local taxing units in counties "having a full-time office of county civil attorney. . . ."
[2] The prohibition against the creation of any permanent state office (Ark. Const. art. 19, § 9) would not apply, this not being a state office. See generally Marshall v. Holland, supra, and Little River CountyBoard of Education v. Ashdown, 156 Ark. 549, 247 S.W. 70 (1923). And although the constitution establishes certain county elective offices (Ark. Const. art. 7, § 46) and authorizes the Quorum Court to create other elective offices with voter approval (Amend. 55, § 2), these provisions do not, in my opinion, either expressly or by implication, limit the General Assembly's retained legislative power with respect to any other non-elective county offices.